**Ben YONG ZHU, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–6312–ag.

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

Wendy Tso, New York, NY, for Petitioner.

Thomas D. Anderson, United States Attorney for the District of Vermont, Carol

L. Shea, Chief of the Civil Division, John P. Tavana, Assistant United States Attorney, Burlington, VT, for Respondent.

Present: DENNIS JACOBS, Chief Judge, and RICHARD J. CARDAMONE and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Ben Yong Zhu, a citizen of China, seeks review of a November 3, 2005 order of the BIA summarily affirming the August 10, 2004 decision of immigration judge ("IJ") Sarah M. Burr denying Zhu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ben Yong Zhu*, No. A97 129 616 (B.I.A. Nov. 3, 2005), *aff'g* A97 129 616 (Immig. Ct. N.Y. City Aug. 10, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, we dismiss Zhu's withholding and CAT claims for lack of jurisdiction because he failed to exhaust them before the BIA pursuant to 8 U.S.C. § 1252(d)(1). Because claim exhaustion is a mandatory requirement, we may not review claims argued before this Court when a petitioner did not raise arguments relevant to their denial before the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). Accordingly, we review only the IJ's denial of Zhu's application for asylum.[1]

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with principle, but avoiding remand despite deficiencies in credibility determination because it could be confidently predicted that IJ would adhere to decision were case remanded).

We find that the IJ's denial of Zhu's application for asylum was proper because the IJ's adverse credibility determination was supported by substantial evidence. First, the IJ did not err in finding it implausible that Zhu decided to distribute Falun Gong pamphlets that his parents had found left at their home, "even though he had never practiced or studied Falun Gong, and even though he had known approximately three years prior that Falun

---

1. In his brief to this Court, Zhu includes as one of the issues presented, "Whether the Board of Immigration Review [sic] erred in summarily accepting the Immigration Judge's decision." To the extent that this can be construed as a challenge to the BIA's exercise of its summary affirmance authority in this case, *see* 8 C.F.R. § 1003. 1(e)(4), Zhu waived that argument by failing to address it in his brief. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Here we cannot find that a manifest injustice would result from our refusal to consider Zhu's unamplified argument.

Gong was outlawed by the government of China." Where implausibilities form the basis for the IJ's finding, this Court reviews the record to determine whether the applicant's testimony was actually implausible. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 563 (2d Cir.2006). However, "our review does not permit us to engage in an independent evaluation of the cold record or ask ourselves whether, if we were sitting as fact finders, we would credit or discredit an applicant's testimony." *Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 294 (2d Cir.2006). Here, the IJ did not err in finding Zhu's account of events implausible because we cannot conclude that a reasonable fact finder would have been compelled to conclude to the contrary. *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 161 (2d Cir.2006).

The IJ's implausibility finding was also bolstered by Zhu's failure to testify on direct examination that his parents were Falun Gong practitioners. In his brief to this Court, Zhu argues that this omission was "immaterial." However, as the government argues in its brief, "[g]iven the importance of establishing some credible link to Falun Gong, the IJ was entirely reasonable in her belief that the failure to mention his parents' Falun Gong practice on direct signaled a lie."

Second, the IJ's adverse credibility finding was supported by an inconsistency in the record concerning the duration of Zhu's alleged beating. Zhu testified that he was beaten for about 40 minutes beginning at about 5:00 a.m., but a medical report he submitted in support of his application states that he was beaten for "4 + hours" and was admitted to the hospital at 7:27 a.m. Discrepancies regarding the amount of time one was detained or otherwise persecuted have, in some cases, been labeled the type of minor inconsistency

that would not support an adverse credibility finding. *See, e.g., Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000) (noting that an applicant's inconsistencies over his place of birth and residence, the date of his arrest, and the amount of time he spent in prison and in a refugee camp need not be fatal to credibility). Here, however, the duration of Zhu's beating, the only incident of persecution he alleged, was central to his claim. *Cf. Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003). Moreover, Zhu's explanation for this inconsistency—that his "memory did not serve [him] correctly"—was not compelling. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact finder to do so). As such, it was not improper for the IJ to rely on this inconsistency in reaching her adverse credibility finding.

Lastly, the IJ properly found that Zhu's willingness to give false testimony in his airport interview undercut his credibility. Indeed, Zhu presented a false passport to U.S. officials upon his arrival and, using a false name, maintained that he was a Taiwanese tourist throughout the duration of his airport interview. This Court has reasoned that "[i]t would be pernicious indeed if asylum applications were discounted when applicants used false documentation to protect themselves from the very persecution they claimed to be fleeing." *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 135 (2d Cir.2006). Here, however, it was not Zhu's presentation of a fraudulent passport that the IJ viewed as evidence supporting her adverse credibility finding. Rather, she focused on misrepresentations Zhu made to the immigration officer *after* he presented the passport, when he was already safely in the United States. Accordingly, the IJ did not err in viewing Zhu's attempts to deceive immigration au-

thorities as evidence of his lack of credibility.[2]

While the IJ's adverse credibility finding was, as a whole, supported by substantial evidence, she should not have relied on Zhu's perceived "rudimentary" knowledge of Falun Gong practice in reaching that finding. In certain circumstances, an adverse credibility finding might reasonably be based on an applicant's lack of doctrinal knowledge about the religion he claims to practice, "for instance, where an applicant claims to have been a teacher of, or expert in, the religion in question." *Yose Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.2006). However, Zhu never claimed to be an expert in Falun Gong. Indeed, he claimed only to have been practicing Falun Gong for several months at the time of his merits hearing. Given the glaring inconsistencies and misrepresentations present in Zhu's case, it was unnecessary and inappropriate to ask Zhu, who was admittedly new to Falun Gong, to prove he was a follower by drawing symbols and demonstrating Falun Gong exercise movements in the courtroom.

Nonetheless, in view of the record as a whole, the IJ's determination was a reasonable one. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir.2005). The factors properly relied upon were central to Zhu's claim of persecution, and the Court can confidently predict that the IJ would reach the same decision on remand, even absent the improper ground. *Xiao Ji Chen*, 434 F.3d at 161. Accordingly, we deny the petition for review with respect to the IJ's denial of Zhu's application for asylum.

For the foregoing reasons, the petition for review is DENIED in part, and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**2.** Nothing in the record suggests that the airport interview was unreliable under the factors identified in *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir.2004). Zhu was assisted by a Mandarin interpreter during the interview. The Record of Sworn Statement indicates that he was asked questions designed to elicit his true identity and provides what appears to be a verbatim transcript of the interview. The transcript thus presents a reasonably reliable record of what Zhu said at his airport interview. Moreover, Zhu has never denied misleading authorities during that interview.